IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOE A. COOK | § | |
|     TDCJ-CID #1427038 | § | |
| v. | § | C.A. NO. C-10-035 |
| | § | |
| WARDEN GUTIERREZ, ET AL. | § | |

## OPINION ORDERING DISMISSAL OF THE ACTION

This lawsuit is a civil rights action filed by a Texas state prisoner pursuant to 42 U.S.C. § 1983.

Pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, 10 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee, or proceeds as a pauper. Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam). Plaintiff's pro se complaint must be read indulgently, see Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

Applying these standards, plaintiff's due process and Eighth Amendment claims are dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## I. JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.  Upon consent of the plaintiff, (D.E. 8), this case was referred to the undersigned United States magistrate judge to conduct all further proceedings, including entry of final judgment.  (D.E. 9); see also 28 U.S.C. § 636(c).

## II. BACKGROUND FACTS AND PLAINTIFF'S ALLEGATIONS

Plaintiff is an inmate in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division, and is currently confined at the Michael Unit in Tennessee Colony, Texas.  Plaintiff filed this action while incarcerated at the McConnell Unit in Beeville, Texas, complaining that he had been denied outside recreation for almost two years in violation of his due process rights and the Eighth Amendment's prohibition against cruel and unusual punishment.  (D.E. 1).  He named as defendants the McConnell Unit warden, Ernest H. Gutierrez, and TDCJ Director, Brad Livingston.

A Spears[1] hearing was held on March 5, 2010.  The following allegations were made in plaintiff's original complaint, (D.E. 1), or at the hearing:

In August 2008, plaintiff advised McConnell Unit security staff that certain offenders were planning an escape; however, he refused to identify any of the offenders involved in the plan unless prison officials would guarantee his safety.  Although plaintiff did not provide names to prison authorities, other offenders labeled him a "snitch," and he began receiving threats on his life.  He filed a life in danger claim and requested safe-keeping.  A Unit Classification

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

Committee denied his request and ordered him into general population. Plaintiff refused his housing assignment, and as punishment, he received thirty days in Special Penalty Cell Restriction ("SPCR"). In SPCR, an offender receives his meals in his cell, he has no recreation, and he is released from his cell to take a shower once every three or four days.

On January 14, 2009, plaintiff completed his first thirty-day SPCR and was scheduled to be released back to general population. However, he again refused the general population assignment. He thus remained in 11-Building and was on "recreation restriction," meaning that he was permitted out of his cell three times a day for meals, permitted out for scheduled showers, and allowed one hour per week of recreation time in the dayroom, but not outside. Each time plaintiff's status changed from SPCR to recreation restriction, he was ordered to accept a return to general population. After his third refusal, he would again be placed on SPCR for another thirty days. This cycle of SPCR assignment, completion, recreation restriction, refusal of housing three times, and reassignment to SPCR, continued over the next twenty months.

On February 16, 2010, McConnell Unit officials again tried to release plaintiff back into general population, but certain offenders advised them "not to put him in general population or they would kill him." Thereafter, a Unit Classification Committee was held on plaintiff's life in danger claim, and it was recommended that he be transferred.

At the March 5, 2010 Spears hearing, plaintiff testified that he was now in transit status and was to be transferred. The TDCJ inmate locator reveals that plaintiff is now housed at the Michael Unit.

Through this lawsuit, plaintiff seeks money damages of $100 a day beginning August 22, 2008, for not having outside recreation time. He also seeks injunctive relief barring defendants from denying him one hour daily of outdoor recreation time.

### III. DISCUSSION

**A.     Legal Standard For A Civil Rights Action Pursuant To 42 U.S.C. § 1983.**

Plaintiff's action may be dismissed for failure to state a claim upon which relief can be granted despite his failure to exhaust administrative remedies. 42 U.S.C. § 1997e(c)(2). It is well established that "[to state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); see also Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995) (per curiam). An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief. Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002) (citation omitted). The complaint must be liberally construed in favor of the prisoner, and the truth of all pleaded facts must be assumed. Id. (citation omitted).

**B.     Plaintiff's Claim For Injunctive Relief Is Denied As Moot.**

To the extent plaintiff sought injunctive relief to be provided outside recreation, his transfer to the Michael Unit has rendered that claim moot. See Edwards v. Johnson, 209 F.3d 772, 776 (5th Cir. 2000) (request for injunctive and declaratory relief becomes moot when inmate leaves the complained-of facility). Accordingly, plaintiff's claim for injunctive relief is denied as moot.

**C.      Plaintiff's Due Process Claim Is Without Merit.**

Plaintiff alleges that his continued assignment to SPCR and recreation restriction constitutes punishment without due process.

Generally speaking, due process protections attach only to those punishments that impose an atypical and significant hardship in relation to ordinary incident of prison life, or to those that extend the length or duration of confinement.  Sandin v. Conner, 515 U.S. 472, 484-86 (1995).  The Fifth Circuit has held that "administrative segregation, without more, simply does not constitute a deprivation of a constitutionally cognizable liberty interest."  Pichardo v. Kinker, 73 F.3d 612, 613 (5th Cir. 1996) (quoting Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995)).  Furthermore, the protections afforded by the Due Process Clause do not extend to "every change in the conditions of confinement" which are adverse to a prisoner.  Madison v. Parker, 104 F.3d 765, 767 (5th Cir. 1997) (citing Sandin).

Only when a prisoner demonstrates "extraordinary circumstances" may he maintain a due process challenge to a change in his custodial classification.  Sandin, 515 U.S. at 484.  Cases where segregated confinement is sufficiently atypical to implicate a due process liberty interest involve circumstances much harsher than those presented here.  In Wilkerson v. Stalder, the Fifth Circuit held that due process *might* have been violated where the plaintiff had been kept on lock-down status for thirty years.  329 F.3d 431, 436 (5th Cir. 2003) (remanding for determination whether such confinement was "atypical" under Sandin).  Indeed, the Fifth Circuit has determined that an inmate's civil rights claim challenging limits to his recreation time was frivolous.  See Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam); see also

Hernandez v. Velasquez, 522 F.3d 556, 559 (5th Cir. 2008) (noting that inmates "on lockdown are allowed indoor recreation in the 'dayroom'").

In Wilkinson v. Austin, 545 U.S. 209 (2005), the Supreme Court held that transfer to the Ohio "Supermax" facility implicated a liberty interest, in part because the conditions there were "more restrictive than any other form of incarceration in Ohio." Id. at 214.  The Wilkinson Court noted that at the Supermax facility, "almost all human contact is prohibited." Id. at 223. Ohio Supermax prisoners are kept in single cells with solid metal doors that prevent communication from one cell to another; prisoners take all their meals alone in their cells rather than a common area; and "opportunities for visitation are rare" and are conducted through glass walls. Id. at 223-24.  Ohio Supermax inmates spend 23 hours a day alone in their cells, where a light remains on at all times. Id. at 224.  Moreover, confinement at the Supermax facility is indefinite, and otherwise eligible inmates are disqualified for parole consideration. Id.  These conditions and others were sufficiently extraordinary that the Supreme Court concluded prisoners had a liberty interest in avoiding assignment to the Supermax facility. Id.

The thirty-year confinement in Wilkerson and the extreme conditions in Wilkinson are distinguishable from the present facts.  Here, plaintiff has been denied recreation time, but it is due to his refusal to return to general population.  Moreover, the denial of recreation time has no impact on the duration of his sentence.  Thus, based on Sandin, plaintiff fails to state a constitutionally cognizable claim, and his due process claim is dismissed.

**D.     Plaintiff's Eighth Amendment Claim Is Without Merit.**

Plaintiff also maintains that the denial of recreation time amounts to cruel and unusual punishment.  He argues that, in not being able to have recreation time outside, he is not getting sufficient Vitamin D which could be detrimental to his health.

The Eighth Amendment prohibits cruel and unusual punishment.  Prison officials must provide humane conditions of confinement; ensure that inmates receive adequate food, clothing, shelter, and medical care; and take reasonable measures to guarantee the safety of the inmates.  Farmer v. Brennan, 511 U.S. 825, 832 (1994) (citations omitted).  Conditions that result in "unquestioned and serious deprivation of basic human needs," or "deprive inmates of the minimal civilized measure of life's necessities" violate the Eighth Amendment.  Rhodes v. Chapman, 452 U.S. 337, 347 (1981); see also Hudson v. McMillian, 503 U.S. 1, 8-10 (1992) (citations omitted).  Such a violation occurs when a prison official is deliberately indifferent to an inmate's health or safety.  Farmer, 511 U.S. at 834 (citations omitted).

Inmates have no protected liberty interest in specific recreational opportunities and the "[d]eprivation of exercise is not a *per se* constitutional violation."  Lewis v. Smith, 277 F.3d 1373, 2001 WL 1485821 at *1 (5th Cir. 2001) (citing Miller v. Carson, 563 F.2d 741, 751 n.12 (5th Cir. 1977); Stewart v. Winter, 669 F.2d 328, 336 n.19 (5th Cir. 1982)); see also Martin, 156 F.3d at 580 (affirming limits on recreation time).  "[W]hat is constitutionally required, however, is that [the prisoner] not be confined for long periods without the opportunity for regular physical exercise."  Lewis, 2001 WL 1485821 at *1 (citation omitted).  To succeed on a claim for lack of exercise, plaintiff must provide facts that "support the existence of any health hazard

under the specific circumstances involved." Ruiz v. Estelle, 679 F.2d 1115, 1152 (5th Cir.), *amended in part, vacated in part on other grounds,* 688 F.2d 266 (5th Cir. 1982).

In this case, plaintiff's claim that he has been denied outside recreation is not sufficiently serious to state an Eighth Amendment violation. Indeed, although plaintiff has no outside recreation when on SPCR, his assignment to SPCR is for the finite period of thirty days. His lack of recreation time in SPCR is due directly to his refusal to accept his housing assignment. Thereafter, when he is placed on recreation restriction, he is permitted out of his cell three times a day to go to meals. Plaintiff testified that, although the walkways to meals are "covered," he is walking outside, and he is out of his cell. More important, while on recreation restriction, he is allowed one hour of recreation per week in the dayroom. There is no constitutional right to *outside* recreation, and plaintiff admitted that he found no authority to support this premise. Finally, although plaintiff complains of the possibility of some future injury, he offered no facts to suggest that he has suffered any injury as a result of not having outside recreation time. Thus, plaintiff fails to state an Eighth Amendment violation.

## IV.  CONCLUSION

For the reasons stated above, plaintiff's claims are dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).  In addition, this is a dismissal as described by 28 U.S.C. § 1915(g).  **The Clerk is directed to provide copies of this order to the parties, to the TDCJ–Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159, and to the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler Texas, 75702, Attention: Betty Parker.**

ORDERED this 30th day of April 2010.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE